# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **DELANCE SMALL** | **CIVIL ACTION NO. 19-1295-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **WARDEN DARRELL VANNOY** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Delance Small, pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on October 3, 2019. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court conviction and sentence. Petitioner names Warden Darrell Vannoy as respondent.

On February 9, 2015, Petitioner was convicted of one count of first degree robbery in the Louisiana First Judicial District Court, Parish of Caddo. Subsequently, he was adjudicated a third felony offender. On April 7, 2015, he was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges he received ineffective assistance of counsel (2 claims).

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on February 9, 2015, adjudicated a habitual offender, and sentenced on April 7, 2015. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on February 24, 2016. State v. Small, 50,388 (La. App. 2 Cir 2/24/16), 189 So.3d 1129. The Supreme Court of Louisiana denied his direct appeal on March 13, 2017. State v. Small, 2016-533 (La. 3/13/17), 212 So.3d 1158.

In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after March 13, 2017, on June 11, 2017.

The federal petition currently before the court was received and filed in this court on October 3, 2019. Since the federal clock began ticking on June 11, 2017, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before June 11, 2018. This petition was not filed until October 2019 at the earliest, more than one year too late.

It appears that Petitioner's state petition for post-conviction relief did toll his federal one-year limitation period, but that Petitioner is still untimely. See supra footnote 1.

Petitioner's one-year federal limitation period began on June 11, 2017 and continued until he filed his first state post- conviction relief application in the trial court on February 14, 2018, encompassing approximately 248 days of the limitation period. From that point, the limitation period was tolled until April 29, 2019, when the Supreme Court of Louisiana denied relief. State ex rel. Small v. State, 2019-WL-1894452 (La. 4/29/19), 268 So.3d 290. Petitioner then had approximately 117 days, or until August 24, 2019, to file his federal petition for a writ of habeas corpus in this court. Petitioner did not file his petition in this court until October 2019 at the earliest. Thus, the time in which the limitation period was running exceeded 365 days and Petitioner's federal habeas claim is time-barred.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

**OBJECTIONS**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to

another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 27th day of March, 2020.

Mark L. Hornsby
U.S. Magistrate Judge